UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KENTE BARKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-00116-JMS-MG |
| | ) | |
| FRANK VANIHEL, et al. | ) | |
| | ) | |
| Respondents. | ) | |

**ENTRY GRANTING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

In 2019, while he was on parole, officers at Wabash Valley Correctional Facility (WVCF) determined that Kente Barker was involved in a conspiracy to traffic contraband into the prison. His parole was revoked; he returned to prison; and he was then punished for violating the Indiana Department of Correction (IDOC) Disciplinary Code based on the conduct that occurred while he was on parole. Mr. Barker's petition for a writ of habeas corpus challenges his punishment under the Disciplinary Code, and the record shows he is entitled to relief.

**I. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

In September 2019, officers discovered paper sprayed with chemicals coming into WVCF through the mail. Dkt. 17-1. After listening to recordings of prisoners' phone calls, they suspected Mr. Barker was involved. Dkt. 17-2.

At that time, Mr. Barker was not in prison. He had recently been released on parole and was living at a house in Indianapolis. Law enforcement officers searched the house and discovered a trove of paper, envelopes, chemicals, and materials that could be used to create the contraband they were receiving at the prison. *Id.*; dkt. 17-3; dkt. 17-4. They also found a cell phone, and data on the phone indicated that Mr. Barker was involved in treating the papers and mailing them to the prison in exchange for money. Dkt. 17-2.

Mr. Barker was arrested; his parole was revoked, and he returned to prison. In 2020, he received notice that he was charged with conspiring to traffic in violation of the Disciplinary Code. Dkt. 17-5. He was found guilty at a hearing on September 15, 2020, and he was punished with a loss of earned credit time and a demotion in credit-earning class. Dkt. 17-9. His administrative appeals were denied. Dkts. 17-13; 17-14.

## III. Analysis

Mr. Barker asserts a laundry list of reasons why his disciplinary conviction is contrary to law and why he is therefore entitled to habeas corpus relief. The bottom line is not so complicated. While he was on parole, the Disciplinary Code did not apply to Mr. Barker, so there is no evidence that his conduct while on parole violated the Disciplinary Code. As a result, he was punished without due process.

The IDOC implements its Disciplinary Code under authority granted by Indiana Code Title 11, Article 11, Chapter 5. *See* IDOC, *Disciplinary Code for Adult Offenders* (avail. at https://www.in.gov/idoc/files/02-04-101-ADP-3-1-2020.pdf) (citing Ind. Code § 11-11-5-1 *et seq.*); *see also* Ind. Code § 11-11-5-2 ("The department shall adopt rules for the maintenance of order and discipline among committed persons."). Chapter 5 also places limits on what punishments may be levied through the Disciplinary Code. Ind. Code §§ 11-11-5-3, -4.

The law makes crystal clear, however, that parolees are not accountable to the rules adopted in the Disciplinary Code: "This chapter does not apply to persons released on parole." Ind. Code § 11-11-5-1(b). When the prison staff charged Mr. Barker with trafficking, it punished him for breaking a rule that Indiana law clearly states had no force against him.

The respondent argues at length that Mr. Barker was still in IDOC custody while he was on parole. Dkt. 17 at 8–9. This may be so, but the argument misses the point. The operative question is not whether Mr. Barker was *in IDOC custody* while he was on parole. The operative question is whether the IDOC *can punish Mr. Barker through the Disciplinary Code* for actions he took on parole. The statute directing the IDOC to implement a disciplinary code and authorizing the punishments in it plainly answers that question in the negative.

The respondent argues matter-of-factly that continued "custody subjected Barker to Department disciplinary rules" and "the same discipline as an offender who engages in the same conduct in prison," but he cites no legal authority to support his argument. *Id.* at 9. Indiana law directly contradicts the respondent's argument, and this Court has located no precedent approving punishment of a parolee through the Disciplinary Code.

As a baseline matter, of course, "errors of state law do not support collateral relief in federal court." *Crawford v. Littlejohn*, 963 F.3d 681, 683 (7th Cir. 2020). Here, though, the prison staff's

3

disregard for its constraints bred a violation of Mr. Barker's due process rights under the federal Constitution.

Due process requires that a disciplinary action against a prisoner be supported by "some evidence in the record." *Hill*, 472 U.S. at 454. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added); *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

In this case, there is not "*any evidence* in the record that could support the conclusion reached by the" hearing officer. *Hill*, 472 U.S. at 455–56. There may have been evidence that Mr. Barker was involved in sending contraband into the prison. There was no evidence, however, that Mr. Barker did so while he was in prison, before he was released on parole, or at any time when he was subject to the Disciplinary Code.

This is not a mere "reading of a prison regulation that differs from Indiana's understanding." *Crawford*, 963 F.3d at 683. There is only one possible reading of Indiana's statute: "This chapter does not apply to persons released on parole." Ind. Code § 11-11-5-1(b). The prison staff charged Mr. Barker with trafficking while he was released on parole. One hundred percent of the evidence before the hearing officer showed that he could not have violated the Disciplinary Code because the conduct in question took place while he was released on parole.

4

## IV. Conclusion

Kente Barker's petition for a writ of habeas corpus challenging disciplinary case RDC 19-10-0057 is **granted**. Mr. Barker's disciplinary conviction must be **vacated**, and his sanctions **rescinded**. His credit time and class must be **immediately restored**, and his new release date must be calculated accordingly. The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 11/30/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

KENTE BARKER
965049
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov